DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **ORIENTAL BANK,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WINSTON BENNETT, FIRST BANK** )<br>**PUERTO RICO, ESTATE OF CHOCOLATE** )<br>**HOLE LANDOWNERS ASSOCIATION, and** )<br>**VIRGIN ISLANDS BUREAU OF INTERNAL** )<br>**REVENUE,** )<br>)<br>**Defendants.** )<br>) | Case No. 3:20-cv-00124 |

## ORDER

**BEFORE THE COURT** are two motions to dismiss filed by Defendant Winston Bennett ("Bennett"). (*See* ECF Nos. 23 and 28.) Because the operative pleading in this case is the Second Amended Complaint filed on December 15, 2021, ECF No. 50, the Court will deny the prior dismissal motions as moot.

I.

Plaintiff Oriental Bank commenced this debt and foreclosure action on December 29, 2020, with the filing of the initial complaint. On June 7, 2021, Defendant Winston Bennett filed a motion to dismiss that complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 23.) Bennett subsequently filed an Amended Complaint on June 28, 2021. (ECF No. 25.) Pursuant to Rule 15(a)(1)(B), Oriental Bank was permitted to amend the complaint once as a matter of course within 21 days after service of Bennett's motion under Rule 12(b)(1).

Thereafter, Bennett filed a second Rule 12(b)(1) motion to dismiss on June 29, 2021. (ECF No. 28.) On November 15, 2021, Oriental Bank filed a motion for leave to amend the first amended complaint. (ECF No. 46.) Magistrate Judge Miller granted that motion on November 30, 2021, and ordered Oriental Bank to file a second amended complaint no later than December 10, 2021. (ECF No. 47.) Oriental Bank subsequently filed the Second

*Oriental Bank v. Bennett et al.*
Case No.: 3:20-cv-0124
Order
Page **2** of **2**

Amended Complaint on December 15, 2021.[1] (ECF No. 50). This complaint constitutes the operative complaint in this proceeding.

## II.

It is well-settled in this circuit that amended pleadings supersede the original pleading rendering the prior pleadings a nullity. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Thus, when a defendant files a motion to dismiss a complaint and the plaintiff subsequently properly files an amended complaint, the amended complaint becomes the operative pleading and "render[s] moot [the] defendant['s] motions to dismiss." *Merritt v. Fogel*, 349 Fed. App'x 742, 745 (3d Cir. 2009).

Here, Bennett filed two separate motions to dismiss pleadings that were subsequently amended on June 28, 2021, and December 15, 2021, respectively.[2] Accordingly, the motions to dismiss are moot. Thus, after careful consideration and review, it is hereby

**ORDERED** that Defendant Bennett's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on June 7, 2021, ECF No. 23, is **MOOT;** and it is further

**ORDERED** that Defendant Bennett's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on June 29, 2021, ECF No. 28, is **MOOT.**

**Dated:** March 9, 2022         */s/ Robert A. Molloy*
                                **ROBERT A. MOLLOY**
                                **Chief Judge**

---

[1] Despite the fact that Oriental Bank filed the second amended complaint on December 15, 2021, five days after the deadline imposed in Judge Miller's Order, no party objected or otherwise raised any issues with the second amended complaint being filed five days late.

[2] The Court recognizes that Bennett filed a third motion to dismiss the Second Amended Complaint on December 16, 2021. ECF No. 53.) The Court will address that motion in a separate Order.